[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S CLAIM OF PRIVILEGE TO DEFENDANT'S MOTION TO COMPEL AND PLAINTIFF'S OBJECTION THERETO RE: PORTIONS OF INTRABANK COMMUNICATIONS
In this foreclosure action, the defendant, E. Michael Stiles, III (defendant) is seeking production from the plaintiff of documents relating to its clients activities with the plaintiff bank.
The plaintiff has claimed that portions of the documents are privileged and further, that production of these contested portions is not required pursuant to Practice Book §§ 13-2 or 13-3.
The plaintiff has submitted the documents with the proposed redactions to the court for an in camera review.
The court finds that the documents submitted are communications between its employees, and are records which were not created as a result of an attorney's direction or involvement. They were not created by or for an attorney and this does not meet the standard to establish a valid claim of privilege Stanley Works v. New Britain Redevelopment Agency,155 Conn. 86, 95 (1967); Carrier Corp. v. Home Insurance Co., 1992 WL 139778, 5-6 (Conn. Superior Court, June 10, 1992, Schaller, J.)
The plaintiffs second claim is that the documents (portions thereof) need not be produced pursuant to Practice Book §§13-2 or 13-3. The court agrees for the following reasons:
(1) Practice Book § 13-2 permits discovery ". . . if the disclosure sought would be of assistance in the prosecution or defense of the actions. . . ." CT Page 11926
(2) ". . . the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
The contested portions of the documents in question consist mostly of observations concerning possible settlement discussions, or the Bank's possible disdain of such discussions. None of these communications bear any relationship to the defendant's defense of this action or admissible evidence.
(3) Practice Book § 13-3 requires a showing by the defendant of a ". . . substantial need of the materials in the preparation of the case. . . ." The defendant certainly does not need to know the settlement posture of the plaintiff to prepare his case.
(4) The "mental impressions, conclusions, opinions or legal theories of . . . [a] representative of a party concerning the litigation" need not be disclosed. An employee has been held to be a representative. Binkowski v. Danbury Hospital 1997 WL 344731 Conn. Superior, Corradino, J. at P. 48.
The plaintiff's motion for protective order is granted. The defendant's motion to compel and for sanctions is denied.
The submitted documents are to be marked plaintiffs exhibit one for identification and are ordered sealed.
Freed, J.